Jesse C. Trentadue (#4961)
Britton R. Butterfield (#13158)
SUITTER AXLAND, PLLC
8 East Broadway, Suite 200
Salt Lake City, Utah 84111
Tel: (801) 532-7300
Fax: (801) 532-7355
jesse32@sautah.com
nhoagland@sautah.com
bbutterfield@sautah.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE ESTATE OF MADISON JODY JENSEN, by her personal representative Jared Jensen, <br><br> Plaintiff, <br> v. <br><br> DUCHESNE COUNTY, a Utah governmental entity, DAVID BOREN, an individual, JARED HARRISON, an individual, JASON CURRY, an individual, JEREMY CURRY, an individual, JANA CLYDE, an individual, LOGAN CLARK, an individual, and JOHN DOES 1-20; <br><br> Defendants. | **DEFENDANTS' ANSWER TO COMPLAINT** <br><br> Case No. 2:17-cv-01031-PMW <br><br> Magistrate Judge Paul M. Warner |

Duchesne County, Utah; Sheriff David Boren; Jared Harrison; Jason Curry; Jeremy Curry; and Jana Clyde (collectively "Defendants") by and through counsel, hereby respond to the allegations of Plaintiff's *Complaint*.[1] However, unless hereinafter specifically admitted, the

---
[1] Dkt. 2.

allegations of the *Complaint* are denied.

## RESPONSE TO "PARTIES"

1. Admit.

2. Defendants admit that Duchesne County is a Utah governmental entity and that as such has the ultimate responsibility for the operation of the Duchesne County Jail. However, Defendants deny the remaining allegations contained in paragraph 2.

3. Defendants admit that David Boren is the elected Sheriff for Duchesne County and was employed by Duchesne County and acting under color of state law. Defendants, however, deny the remaining allegations contained in paragraph 3.

4. Defendants admit that Jared Harrison is employed by the Duchesne County Sheriff's Office and acting under color of state law. Defendants, however, deny the remaining allegations contained in paragraph 4.

5. Defendants admit that Jason Curry is employed by the Duchesne County Sheriff's Office and acting under color of state law. Defendants, however, deny the remaining allegations contained in paragraph 5.

6. Defendants admit that Jeremy Curry is employed by the Duchesne County Sheriff's Office and acting under color of state law. Defendants, however, deny the remaining allegations contained in paragraph 6.

7. Defendants admit that Jana Clyde is employed by the Duchesne County Jail and acting under color of state law. Defendants, however, deny the remaining allegations contained in paragraph 7.

8. Deny. Defendants further allege that Logan Clark is a physician's assistant, but deny that he was employed by the Duchesne County Jail.

9. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 9 and, therefore, deny the same.

## RESPONSE TO ALLEGATIONS OF JURISDICTION AND VENUE

10. Admit.

11. Admit.

12. Admit.

## RESPONSE TO "GENERAL ALLEGATIONS"

13. Defendants admit that a call was placed to Duchesne County Sheriff's Office regarding Madison Jensen. Defendants deny the remaining allegations contained in paragraph 13.

14. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 14 and, therefore, deny the same.

15. Defendants admit that Harrison spoke with the Jensen family. Defendants, however, deny the remaining allegations contained in paragraph 15.

16. Defendants admit that Harrison spoke with the Jensen family. Defendants, however, deny the remaining allegations contained in paragraph 16.

17. Defendants admit that Harrison spoke with Madison Jensen. Defendants, however, deny the remaining allegations contained in paragraph 17.

18. Defendants admit that Harrison spoke with Madison Jensen. Defendants,

however, deny the remaining allegations contained in paragraph 18.

19. Defendants admit that Harrison spoke with Jared Jensen. Defendants, however, deny the remaining allegations contained in paragraph 19.

20. Defendants admit that Harrison spoke with the Jensen Family and arrested Madison for "internal possession of drugs" at the request of her father, Jared Jensen. Defendants, however, deny the remaining allegations contained in paragraph 20.

21. Defendants admit that Madison was taken to the Duchesne County Jail. Defendants admit that Harrison was provided with some of Madison's prescription medications. Defendants, however, deny the remaining allegations contained in paragraph 21.

22. Defendants admit that Madison was booked into the Duchesne County Jail for drug possession. Defendants, however, deny the remaining allegations contained in paragraph 22.

23. Defendants admit that Madison completed a Mental Health Questionnaire. Defendants, however, deny the remaining allegations contained in paragraph 23.

24. Defendants admit that Madison was placed in H Block and that she was housed with Maria Hardinger. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 24 and, therefore, deny the same.

25. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 25 and, therefore, deny the same.

26. Admit.

27. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 27 and, therefore, deny the same.

28. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 28 and, therefore, deny the same.

29. Defendants admit that Madison was given a cup. Defendants, however, deny the remaining allegations contained in paragraph 29.

30. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 30 and, therefore, deny the same.

31. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 31 and, therefore, deny the same.

32. Defendants admit that Madison was offered the opportunity to take a shower. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 32 and, therefore, deny the same.

33. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 33 and, therefore, deny the same.

34. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 34 and, therefore, deny the same.

35. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 35, and, therefore, deny the same.

36. Deny.

37. Defendants admit that Harrison spoke with the Jensen family to request a witness

statement, and that Harrison told the Jensen family that Madison tested positive for drugs. Defendants, however, deny the remaining allegations contained in paragraph 37.

38. Admit.

39. Defendants admit that Madison filled out a Medical Request form. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 39, and, therefore, deny the same.

40. Defendants admit that the Medical Request states what it states. Defendants, however, deny the remaining allegations contained in paragraph 40.

41. Deny.

42. Defendants admit that Duchesne County contracted with Kennon C. Tubbs, M.D. L.L.C. to provide medical services to inmates at the Duchesne County Jail. Defendants, however, deny the remaining allegations contained in paragraph 42.

43. Defendants admit that the video shows what it shows. Defendants, however, deny the remaining allegations contained in paragraph 43.

44. Defendants admit that the video shows what it shows. Defendants, however, deny the remaining allegations contained in paragraph 44.

45. Defendants admit that Clyde checked on Madison, and that the video shows what it shows. Defendants, however, deny the remaining allegations contained in paragraph 45.

46. Defendants admit that CPR was performed on Madison. Defendants, however, deny the remaining allegations contained in paragraph 46.

47. Defendants admit that Duchesne County requested an outside agency to conduct

the investigation. Defendants further admit that Uintah County Sheriff's Office conducted that investigation.

48. Defendants admit that Investigator John E. Crowley arrived at the Duchesne County Jail. Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 48, and, therefore, deny the same.

49. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 49, and, therefore, deny the same.

50. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 50, and, therefore, deny the same.

51. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 51, and, therefore, deny the same.

52. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 52, and, therefore, deny the same.

53. Defendants admit that Madison was transferred to the court holding cell for further observation. Defendants, however, deny the remaining allegations contained in paragraph 53.

54. Defendants admit that the Medical Examiner's Office performed an examination of Madison's body. Defendants also admit that the report says what it says. Defendants, however, deny the remaining allegations contained in paragraph 54.

55. Defendants admit that the Medical Examiner's Office performed an examination of Madison's body. Defendants also admit that the report says what it says. Defendants,

however, deny the remaining allegations contained in paragraph 55.

56. Defendants admit that the Medical Examiner's Office performed an examination of Madison's body. Defendants also admit that the report says what it says. Defendants, however, deny the remaining allegations contained in paragraph 56.

57. Defendants admit that the Medical Examiner's Office performed an examination of Madison's body. Defendants also admit that the report says what it says. Defendants, however, deny the remaining allegations contained in paragraph 57.

58. This paragraph calls for a legal conclusion to which no response is required. However, to the extent a response is required, it is denied.

59. This paragraph calls for a legal conclusion to which no response is required. However, to the extent a response is required, it is denied.

60. This paragraph calls for a legal conclusion to which no response is required. However, to the extent a response is required, it is denied.

61. Deny.

**RESPONSE TO CAUSE OF ACTION**
**Violation of federal Due Process protection against deliberate indifference to serious medical needs**
**(Brought under 42 U.S.C. §1983 against all defendants)**

62. Defendants reallege paragraphs 1 through 61 above.

63. This paragraph calls for a legal conclusion to which no response is required. However, to the extent a response is required, it is admitted that Madison and other pretrial detainees have certain constitutional rights but Defendants deny the remaining allegations

contained in paragraph 63.

64. This paragraph calls for a legal conclusion to which no response is required. However, to the extent a response is required, it is admitted that Madison and other pretrial detainees have certain constitutional rights but Defendants deny the remaining allegations contained in paragraph 64.

65. This paragraph calls for a legal conclusion to which no response is required. However, to the extent a response is required, it is admitted that Madison had certain constitutional rights but Defendants deny the remaining allegations contained in paragraph 65.

66. This paragraph calls for a legal conclusion to which no response is required. However, to the extent a response is required, it is denied.

67. Deny.

68. Deny, including subparts a through c.

69. Deny.

70. Deny.

71. Deny.

72. This paragraph calls for a legal conclusion to which no response is required. However, to the extent a response is required, it is denied.

73. This paragraph calls for a legal conclusion to which no response is required. However, to the extent a response is required, it is denied.

74. This paragraph calls for a legal conclusion to which no response is required. However, to the extent a response is required, it is denied.

75. Deny.

76. Deny.

77. Deny.

78. Deny.

## RESPONSE TO "JURY DEMAND" AND PRAYER

Defendants admit that Plaintiff requested a trial by jury. Defendants deny 1 through 4 of the "Prayer" and deny the remaining allegations.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's *Complaint* fails to state a claim, either in whole or in part, on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or otherwise limited by the *Governmental Immunity Act of Utah, Utah Code Ann.* § 63G-7-101 *et seq.* (2017), including but not limited to *Utah Code Ann.* §§ 63G-7-201, 63G-7-202, 63G-7-401, 63G-7-402, 63G-7-601, 63G-7-603, and 63G-7-604(2017). Plaintiff's claims are also barred for failure to strictly comply with the *Notice* requirements of the *Governmental Immunity Act of Utah* contained in §§ 63G-7-401- 63G-7-403 (2017).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or otherwise limited by his failure to mitigate.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrines of *Judicial Immunity*, *Quasi-Judicial*

*Immunity*, *Sovereign Immunity, Governmental Immunity,* and *Qualified Immunity*.

**FIFTH AFFIRMATIVE DEFENSE**

Defendants reserve the right to supplement their *Affirmative Defenses*.

**PRAYER**

Wherefore, Defendants pray for *Judgment* against Plaintiff as follows: (1) that Plaintiff's *Complaint* be dismissed with prejudice and that Plaintiff take nothing thereby; (2) that Defendants recover their costs of suit including reasonable attorney's fees; and (3) that Defendants have such other and further relief as to the Court seems just and merited under the circumstances.

DATED this 1st day of November, 2017.

SUITTER AXLAND, PLLC

/s/ jesse c. trentadue
Jesse C. Trentadue
Britton R. Butterfield
*Attorneys for Defendants*

T:\4000\4530\139\ANSWER.wpd

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of November, 2017, I electronically filed the foregoing **ANSWER TO COMPLAINT** with the Clerk of the Court using the CM/ECF system, which sent electronic notification to the following parties:

Ryan B. Hancey, Esq.
Scott S. Bridge, Esq.
KESLER & RUST
McIntyre Building, 2nd Floor
68 South Main Street
Salt Lake City, Utah 84101
*Attorneys for Plaintiffs*

/s/ jesse c. trentadue