# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **ESTATE OF MADISON JODY JENSEN,** <br><br> Plaintiff, <br><br> vs. <br><br> **DUCHESNE COUNTY, ET AL.,** <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:17CV1031DAK <br><br> Judge Dale A. Kimball |

This matter is before the court on Defendant Logan Clark's Motion to Dismiss Plaintiff's Amended Complaint [ECF Docket No. 73]. On January 23, 2019, the court held a hearing on the motion. At the hearing, Plaintiff Estate of Madison Jody Jensen was represented by Ryan B. Hancey, and Defendant Logan Clark was represented by Kathleen Abke. Counsel for other Defendants were present and observed the proceedings. After hearing argument, the court took the matter under advisement. The court has carefully considered the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motions. Now being fully advised, the court issues the following Memorandum Decision and Order.

## BACKGROUND[1]

On November 27, 2016, Jared Jensen called the Duchesne County Sheriff's Office after an altercation with his 21-year-old daughter, Madison, because he had found what he believed to

---

[1] Because this is a motion to dismiss, the following facts are from Plaintiff's Amended Complaint.

be drug paraphernalia in Madison's room. Corporal Jared Harrison of the Duchesne County Sheriff's Office responded to the call and spoke to Jared and Madison. Jared showed Harrison the drug paraphernalia.

Madison told Harrison that she was "coming off" heroin and had last used four days earlier. She stated that she had gone to the hospital four days earlier and disposed of her heroin supply that day. Madison admitted that she had been using heroin daily for approximately eighteen months. She also admitted to smoking marijuana a few days earlier.

Harrison arrested Madison for internal possession of drugs and possession of drug paraphernalia and transported her to the Duchesne County Jail. Madison was booked into the Duchesne County Jail at 1:34pm on Sunday, November 27, 2016. During the booking process, Madison filled out an inmate mental health questionnaire where she disclosed that she suffered from anxiety and depression for which she was prescribed Wellbutrin. Madison also noted that she was taking tramadol for pain and clonidine for high blood pressure. Harrison brought some of Madison's medications, including tramadol, Wellbutrin, and clonidine to the jail with Madison. Madison also reported a history of using various illegal drugs.

Madison was placed in the Jail's "H Block," in a cell with another woman who was also withdrawing from opiates. Madison soon began vomiting. She continued to vomit and suffer from diarrhea throughout the day and into the night. On Monday, November 28, 2016, she continued to feel ill and did not eat her meals. The Jail staff provided Madison with a cup for water, but she was unable to keep the water down. Madison's cell mate and Madison used the call button in their cell to notify Jail staff several times that Madison was ill and vomiting. The Jail staff responded that they were aware that Madison was ill but they did not provide any

assistance or medical care.

At the time, Duchesne County employed a jail nurse, Jana Clyde, who was responsible for overseeing the health and safety of the jail inmates and ensuring they received appropriate and necessary care and treatment. In addition to the jail nurse, Duchesne County contracted with an independent medical doctor, Dr. Kennon Tubbs, to administer the medical needs of inmates at the Jail. Dr. Tubbs' contractual duties included meeting with sick inmates at the Jail once a week, being available to jail staff at any time for medical consultation and triage, and providing training, instruction, support, and supervision to Jail nursing staff in connection with the medical needs of inmates. Dr. Tubbs subcontracted with physician assistant, Logan Clark. Clark's duties included the duties of Dr. Tubbs as delegated by Dr. Tubbs pursuant to contract.

On November 28, 2016, around 6:00 p.m., Madison was able to leave her cell to take a shower. The following day, Madison continued to vomit, stayed in bed, and did not eat her meals. Madison's cell mate used the call button to notify the Jail staff that Madison was still vomiting and needed medical attention.

At some point before December 1, 2016, Madison filled out a medical request form provided by the jail indicating that she had been "puking for 4 days straight, runs, diarrhea, can't hold anything down not even water." She also wrote, "I know my body and it is not detoxing I am completely detoxed. My roommate caught the stomach bug from me." The Jail, however, did not provide Madison with any medical care or treatment.

Just before 1:00 p.m. on Thursday, December 1, 2016, Madison vomited a brown liquid substance. Shortly, thereafter, she had a seizure-like episode which caused her to roll off her cell bed and onto the floor. At 1:28 p.m., Physician's Assistant Clark and Nurse Clyde found

3

Madison deceased in her cell.

Madison's estate filed the present lawsuit under 42 U.S.C. § 1983, alleging a cause of action for deliberate indifference to Madison's serious medical needs against Duchesne County, Duchesne County Sheriff David Boren, Corporal Jared Harrison, Duchesne County Jail Commander Jason Curry, Officer Jeremy Curry, Jail Nurse Jana Clyde, Physician's Assistant Logan Clark and Dr. Kennon Tubbs.

## DISCUSSION

### Logan Clark's Motion to Dismiss

Clark seeks dismissal of Plaintiff's Amended Complaint on the grounds that Plaintiff's 42 U.S.C. § 1983 claim against him fails to allege facts establishing Clark's personal participation in the alleged deliberate indifference to Madison's medical needs. Rule 8 of the Federal Rules of Civil Procedure Plaintiff's serves "to inform defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). In a § 1983 matter involving an alleged constitutional violation by governmental actors, the Tenth Circuit has noted that "it is particularly important . . . that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id.* at 1250.

Plaintiff has asserted § 1983 claims against Duchesne County and seven individual Defendants. In most instances, the allegations in the Amended Complaint refer to Defendants collectively. There are also vague allegations that fail to identify a specific Defendant. For example, the Amended Complaint alleges that Madison and her cell mate notified the "jailer" or "jail" that Madison was sick but that each time the "jailer" or "jail" failed to provide any medical

4

care. There is no indication that Clark was informed of Madison's condition or, as a subcontractor of a contract doctor, was even present at the Jail at the time Madison was incarcerated until he found her deceased in her cell. Madison filled out a medical request form, but Plaintiff does not allege that Madison returned the form, or who may have seen the form. There is also no allegation that Clark knew of Madison's seizure-like episode on December 1, 2016, prior to finding her.

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Although personal participation is an essential allegation, Plaintiff has not alleged how Clark was personally responsible for any alleged denial of medical care to Madison. The only allegation of Clark's involvement with Madison was finding her deceased in her cell.

Plaintiff concedes that Clark was not directly indifferent to Madison's medical needs. However, Plaintiff argues that Clark fails to appreciate that its claim against him is not premised on his direct participation in Madison's death. Rather, Plaintiff asserts that its claim against Clark is premised on supervisory liability for failing to implement the Jail's medical protocols, including obvious opiate withdrawal and dehydration, and training others on them. However, Clark's confusion about the nature of Plaintiff's claim against him is a result of the vague allegations in the Amended Complaint. The Amended Complaint alleges that "[t]o the extent defendants are supervisors, they were personally involved in the deprivation of Madison's constitutional rights or, at a minimum, there is a sufficient causal connection between those supervisors' wrongful conduct and the constitutional violations to justify their liability under 42 U.S.C. § 1983." Am. Comp. ¶ 75.

5

Plaintiff argues that having identified Clark as a medical professional and the failures of the Jail staff to implement or follow protocols for withdrawal symptoms, it has stated a supervisor liability claim against Clark under § 1983 for deliberate indifference. To state a claim for supervisory liability under 42 U.S.C. § 1983, a plaintiff must show an "affirmative link" between the supervisor and the constitutional violation. *Keith v. Koerner*, 843 F.3d 833, 838 (10th Cir. 2016). An affirmative link "requires proof of three interrelated elements: (1) personal involvement; (2) causation; and (3) state of mind." *Id.* A plaintiff meets the first element by alleging "a complete failure to train, or training that is so reckless or grossly negligent that future misconduct is almost inevitable." *Id.* Alternatively, a plaintiff may meet this element by alleging the supervisor "failed to implement and enforce policies that would have prevented" the violation. *Id.* Under the second element, a plaintiff must allege the supervisor "set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights." *Id.* at 847. Finally, a plaintiff meets the third element by alleging the supervisor "knowingly created a substantial risk of constitutional injury" or "consciously fails to act when presented with an obvious risk of constitutional injury of the type experienced by the plaintiff." *Id.* at 848.

In this case, the Amended Complaint does not gives Clark fair notice of his supervisory liability under § 1983. The Amended Complaint alleges that Clark "was contracted by Dr. Tubbs as a physician's assistant for the Jail at the time of Madison's death. His duties included the duties of Dr. Tubbs as delegated by Dr. Tubbs pursuant to contract." Am. Compl. ¶ 9. The Amended Complaint is then silent as to what, if any, duties Dr. Tubbs may have delegated to Clark. The Amended Complaint alleges that Dr. Tubbs had "contracted with Duchesne County

6

to administer the medical needs of inmates housed in the Jail." *Id.* ¶ 8. Dr. Tubbs' contractual duties included, "providing training, instruction, support, and supervision to Jail nursing staff in connection with . . . caring for sick inmates, medical policies and protocols." *Id.* There is no allegation that Dr. Tubbs delegated any of these duties to Clark.

The Amended Complaint further alleged that the "policies, procedures, and customs developed and administered by defendants were grossly deficient and deliberately indifferent to foreseeable circumstances, such as extreme dehydration caused by opiate withdrawals." *Id.* ¶ 72. But this allegation is vaguely asserted against all eight Defendants without any facts identifying to which Defendants it actually applies. The only policy-related allegation in the Amended Complaint is specifically directed at Duchesne County, not any of the individual Defendants.

Although Plaintiff argues that these allegations, taken together, state a claim against Clark for supervisory liability, there is no allegation as to which duties Dr. Tubbs delegated to Clark. The Amended Complaint merely states Clark has Dr. Tubbs' duties as delegated by contract. The Amended Complaint does not state what duties Dr. Tubbs delegated to Clark by contract or attach the contract. Plaintiff's supervisory liability allegation in the Amended Complaint is asserted against all the Defendants collectively "to the extent defendants are supervisors." The Amended Complaint should at least individually identify which Defendants it believes it has a supervisory liability claim against. There is no indication in the Amended Complaint that Clark, specifically, is a supervisor, policymaker, or trainer. The Amended Complaint never alleges that Clark was in a supervisory role over any employee at the Jail. The Amended Complaint appears to suggest that Duchesne County failed to train Clark as a subcontractor, not the other way around. In the briefing of this motion, Plaintiff set forth the legal elements required for

7

supervisory liability under § 1983, but it did not make any allegations against Clark to support those legal elements in the Amended Complaint. Based on the allegations in the Amended Complaint and the confusion of the parties as to the nature of Plaintiff's claims against Clark, the court concludes that the Amended Complaint did not provide Clark with fair notice of Plaintiff's claim against him. As pleaded, the Amended Complaint fails to state a claim of supervisor liability against Clark.

Rather than dismiss the Amended Complaint against Clark, Plaintiff asks the court to allow it to amend its Amended Complaint to include more detailed allegations regarding Clark's supervisory role and conduct. A dismissal with prejudice of a complaint that fails to state a claim under Rule 12(b)(6) is appropriate only when granting leave to amend would be futile. *Bradley v. Crowther*, 2:17cv93TS, 2017 WL 3037377, at *3 (D. Utah July 17, 2017) (dismissal with prejudice is warranted "when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."). This comports with federal courts' preference to decide cases on the merits and not on technical pleading grounds. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (courts should give litigations "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.").

Clark argues that discovery in this case has closed as to every party but Dr. Tubbs and Plaintiff had the information and opportunity to incorporate additional facts learned through discovery in the Amended Complaint if any such facts existed. Given Plaintiff's failure to allege any specific facts that would support the § 1983 claim against Clark, Clark contends that Plaintiff's Amended Complaint should be dismissed with prejudice. However, Plaintiff asserts

that all parties can conduct further discovery and it has facts from prior discovery that would enable it to assert new allegations. Plaintiffs new allegations include facts such as: Clark was aware that the Jail did not have any policies, procedures, or training regarding opiate withdrawal/dehydration, he was aware that other jails had protocols, Clark had the responsibility to ensure that the Jail had appropriate protocols, and Clark had a duty to and failed to train Nurse Clyde regarding opiate withdrawal/dehydration.

The court concludes that it would not be futile to allow Plaintiff to amend its Amended Complaint. Therefore, the court grants Plaintiff leave to file an Amended Complaint by February 15, 2019. The court also recognizes that due to the confusion caused by the vague allegations collectively asserted against all Defendants, the discovery in this case has been inadequate. The parties dispute whether discovery is still open. However, because the court is allowing the filing of an Amended Complaint that should specifically identify the claims and allegations against each individual Defendant, the court will reopen fact discovery as to all parties until June 14, 2019. The parties should meet and confer as to new scheduling dates consistent with this new discovery cutoff date and submit a proposed amended scheduling order to Magistrate Judge Furse by February 22, 2019.

## CONCLUSION

For the reasons set forth above, Defendant Logan Clark's Motion to Dismiss [ECF Docket No. 73] is GRANTED IN PART AND DENIED IN PART as described above. Plaintiff's Amended Complaint against Clark is dismissed without prejudice, and Plaintiff shall file a Second Amended Complaint by February 15, 2019. The fact discovery deadline for all parties is extended to June 14, 2019. The parties shall submit an amended scheduling order to

Magistrate Judge Furse by February 22, 2019.

DATED this 25th day of January, 2019.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge